**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KIMBERLEY ANN BRADLEY, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ARIZONA DEPARTMENT OF ECONOMIC SECURITY, <br><br> Defendant-Appellee, <br><br> v. <br><br> KELLY SERVICES, INC., <br><br> Third-party-defendant-Appellee. | No. 18-16511 <br><br> D.C. No. 2:16-cv-00349-DJH <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted December 11, 2019[**]

Before: WALLACE, CANBY, and TASHIMA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Kimberley Ann Bradley appeals pro se from the district court's summary judgment in her employment action alleging violations of Title VII and the Equal Pay Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014). We affirm.

The district court properly granted summary judgment on Bradley's claims alleging a discriminatory pay differential because Bradley failed to establish a prima facie case of discrimination. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002) (setting forth prima facie case of discrimination under Title VII); *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1073-74 (9th Cir. 1999) (setting forth prima facie case for an Equal Pay Act violation; plaintiff must show that the jobs in question are substantially equal).

The district court properly granted summary judgment on Bradley's retaliation claims because Bradley failed to demonstrate a causal link between her protected activity and the adverse employment decision. *See Villiarimo*, 281 F.3d at 1064 (setting forth prima facie case of retaliation under Title VII); *Lambert v. Ackerley*, 180 F.3d 997, 1002-03, 1008 (9th Cir. 1999) (setting forth prima facie case of retaliation under 29 U.S.C. § 215(a)(3)).

We reject as without merit Bradley's contentions that the district judge demonstrated partiality for defendants.

We do not consider matters not specifically and distinctly raised and argued

18-16511

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Bradley's motion for appointment of counsel (Docket Entry No. 30) is denied.

**AFFIRMED.**